IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHANNON BRADLEY | Criminal Action No.<br><br>1:14-CR-441-ELR |

### United States' Response to Defendant's Sentencing Memorandum

The United States of America, by John A. Horn, United States Attorney, and Trevor C. Wilmot, Special Assistant United States Attorney for the Northern District of Georgia, files this response to the Defendant's sentencing memorandum.

### Background

On June 18, 2015, the Defendant, Shannon Bradley, pleaded guilty to one count of access device fraud (18 U.S.C. § 1029(a)(3)) pursuant to a negotiated agreement with the United States. (Docs. 46, 46-1). In the plea agreement, the parties agreed to recommend the statutory maximum sentence of 120 months, while also agreeing that Bradley receive the concurrent sentence adjustment under United States Sentencing Guideline § 5G1.3(b) to give him "credit for the period of imprisonment already served on the undischarged term of imprisonment in a related Cobb County criminal case (from August 15, 2013

1

until the date of sentencing in this case)."[1]  (Doc. 46-1 at 8.)  The United States agrees that after applying §5G1.3(b), Bradley should be sentenced to 94 months and 15 days imprisonment.  (*See* PSR at 25).

The plea agreement also states that Bradley can request that the Court impose the federal sentence to run "coterminous" with the sentence imposed in the Cobb County case; however, in the agreement the United States stated that it would oppose such a request.  (Doc. 46-1 at 8)  On September 23, 2015, Bradley filed a sentencing memorandum requesting a coterminous sentence, which he defined as a sentence that would terminate at the same time as the undischarged term of imprisonment in the state case.  (Doc. 60.)  The United States responds to oppose this request.

## Argument

The Court should overrule Bradley's request for a coterminous sentence and impose the agreed to sentence for the following reasons.

*First*, Bradley provides no controlling legal authority to support his request for a coterminous sentence.  Bradley argues that the Court has the authority to impose a coterminous sentence based on *United States v. Mahoney*, an unpublished Ninth Circuit decision.  39 F.3d 1189 (9th Cir. 1994).

---

[1] On November 14, 2014, Bradley pleaded guilty in *State of Georgia v. Bradley* (No. 14-9-3856-51) (Cobb Cnty. Sup. Ct.) to 45 charges, including identity theft, burglary, money laundering, and racketeering, arising from a tax refund fraud committed in 2012 against the Georgia Department of Revenue.  Bradley was sentenced to 40 years, to serve 12 in confinement.  (*See* PSR ¶ 58.)

*Mahoney* is uncontrolling and unpersuasive.  The question in that case was whether a defendant's prior state and federal convictions should have been treated as related cases for purposes of calculating the defendant's criminal history.  *See id*.  The Ninth Circuit remanded the case and ordered the district court to combine the two prior convictions because they should not have been counted separately under U.S.S.G. § 4A1.2(a)(2), which has no bearing here.

**Second**, imposing a sentence that is coterminous with the undischarged term of imprisonment in the state case appears to be unauthorized under the United States Code.  Namely, 18 U.S.C. § 3551(b)(3) requires the Court to sentence Bradley to a term of imprisonment that is authorized under United States Code, Chapter 229, Subchapter D (*i.e.*, 18 U.S.C. §§ 3581-3586).  Section 3584 states that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run *concurrently or consecutively . . .*"  18 U.S.C. § 3584 (emphasis added).  Because Congress limited the types of sentences that may be imposed in the situation the Court faces here, a coterminous sentence is impliedly unauthorized.  Indeed, the undersigned has not identified any statute, case or sentencing guideline authorizing a federal sentence to end coterminously with an undischarged term of state imprisonment.

**Third**, accepting Bradley's request would cause the federal sentence to end if Bradley obtained parole in the state case – a likely outcome since he is a nonviolent offender – and an extreme, unjustified discount from the sentence the parties agreed to recommend.  Moreover, the number of months after which Bradley qualifies for parole is subject to the discretion of Georgia's State Board of

3

Parole and Pardons.  *See* Parole Consideration, Eligibility & Guidelines, *available at* http://pap.georgia.gov/parole-consideration-eligibility-guidelines. Consequently, any sentence imposed by the Court, if it includes a coterminous provision, could be terminated at the discretion of Georgia's parole board.

*Finally*, imposing a coterminous sentence in this case creates an absurd result whereby Bradley would go unpunished for his federal conviction.  As described above, the conviction in the state case involved a tax fraud scheme against the Georgia Department of Revenue, and punished the identity theft, burglary, money laundering, and racketeering engendered in that scheme.  By contrast, the federal case involves Bradley's filing hundreds of fraudulent tax returns to the Internal Revenue Service, separate transactions altogether, and Bradley's resulting possession of hundreds of unauthorized debit cards loaded with the proceeds from those returns.  Because the harm vindicated in the federal case is fundamentally different than that in the state action, a heightened sentence is warranted to punish the federal crime.

WHEREFORE, the United States requests the Court overrule Bradley's request for a coterminous sentence and sentence Bradley to a term of 94 months and 15 days imprisonment, as agreed to by the parties in the plea agreement.

> Respectfully submitted,
>
> JOHN A. HORN
> *United States Attorney*
>
> /s/TREVOR C. WILMOT
> *Special Assistant United States Attorney*
> Georgia Bar No. 936961
> Trevor.Wilmot@usdoj.gov

600 U.S. Courthouse   75 Ted Turner Dr. SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

## Certificate of Service

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Steven H. Sadow

September 25, 2015

/s/ TREVOR C. WILMOT

TREVOR C. WILMOT

*Special Assistant United States Attorney*